## Liberato v. Warner Company

*Robert M. Abramson,* for appellant.

*Stephen J. McEwen, Jr.,* for appellee.

BLOOM, J., June 27, 1972.—The instant matter arises out of an appeal taken to this court by Nick Liberato, an employe injured in the course of his employment with Warner Company, from a decision of the Pennsylvania Workmen's Compensation Board in favor of Warner Company.

Following the taking of the appeal, Warner Company filed with this court a petition to strike on the ground that the appeal was not timely filed in accordance with the provisions of the Workmen's Compensation Act. On September 13, 1971, the petition to strike was argued before this court en banc and briefs

were submitted by respective counsel. On September 30, 1971, this court entered an order dismissing the petition to strike the appeal and the court directed that the case be heard on its merits.

On October 21, 1971, counsel for Warner Company filed a petition for reargument and this opinion is written in disposition thereof.

At the outset, it is noted that Warner Company has presented no facts in support of its petition for reargument. Furthermore, a review of the proceedings in this case clearly demonstrates that this court fully resolved all the issues presented before it at the time this matter was first argued. Warner Company simply wishes this court to reconsider its decision of September 30, 1971. Having so reconsidered, this court arrives at the same conclusion, to wit, that the appeal filed by Liberato from the decision of the Workmen's Compensation Board was not timely filed because the notice of decision was not "properly addressed" to counsel for Liberato. Therefore, in accordance with the provisions of the Workmen's Compensation Act where notice of the decision of the board is not received by claimant because of a delay in the mail, a late filing of an appeal is permitted.

This court so held on September 30, 1971, and we so hold now. Therefore, we enter the following

## ORDER

And now, to wit, June 27, 1972, after consideration of argument and briefs submitted before this court en banc, it is hereby ordered and decreed that:

1. Warner Company's petition for reargument is dismissed.

2. Liberato's appeal from the Workmen's Compensation Board of Pennsylvania will be heard by this court on the merits of the case.